```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


RONALD J. APENBRINCK,              )
                                   )
            Plaintiff,             )
                                   )
      v.                           )      No. 4:06CV1682(CDP)
                                   )
ST. LOUIS CITY POLICE 2ND DISTRICT,)
et al.,                            )
                                   )
            Defendants.            )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Ronald J. Apenbrinck, a prisoner at the Jefferson County Jail (JCJ) for leave to commence this action without payment of the required filing fee [Doc. #2]. Also before the Court is applicant's motion for appointment of counsel [Doc. #9]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.53. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full

amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  See 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of applicant's account statement indicates an average monthly deposit of $12.67, and an average monthly account balance of $5.29.  Applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $2.53,

2

which is 20 percent of applicant's average monthly .

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are the St. Louis City Police 2nd District, the St. Louis City Justice Center (SLCJC), and the St. Louis Work House (Work House). Plaintiff alleges that he was beaten while detained by the "2nd District STL City Police" and then "rushed to the hospital." Plaintiff further alleges that he was denied medical care while confined at "7600 Hall Street." Finally, plaintiff alleges that conditions at that Hall Street facility violate his constitutional rights.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Board of Police Commissioners (Board) governs the St. Louis Metropolitan Police Department. See Mo. Rev. Stat. §§ 84.010 - 84.340; Best v. Schoemehl, 652 S.W.2d 740 (Mo. App. 1983). Only the members of the Board may be sued in actions against the department itself, and only in a specific style. American Fire Alarm Co. v. Board of Police Commissioners, 285 Mo. 581 (1920); Best v. Schoemehl, 652 S.W.2d at 742. Therefore, plaintiff's claim against the "St. Louis City Police 2nd District" should be dismissed because it is not a

4

suable entity.[1]

Neither the SLCJC nor the Work House is a suable entity. See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); cf. Catlett v. Jefferson County, 299 F. Supp. 967, 968-69 (E.D. Mo. 2004) (subdivision of local government entity that lacks capacity to be sued under applicable state law may not be sued in federal court under § 1983). Furthermore, plaintiff has not alleged that unlawful actions were taken pursuant to the City of St. Louis's policies or customs. See Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $2.53 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration

---

[1] To the extent that plaintiff seeks damages against unnamed members individual officers of the "St. Louis City Police 2nd District," plaintiff has not set forth enough facts to permit the identity of the unknown and unnamed officers to be determined. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #9] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 3rd day of April, 2007.

_____
**UNITED STATES DISTRICT JUDGE**